June 24, 2009

                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWN SHANK | CIVIL ACTION |
| VERSUS | NO. 08-760 |
| CITY OF NEW ORLEANS, ET AL. | SECTION "A"(5) |

### ORDER

Before the Court is a **Rule 4(m) Motion to Dismiss for Failure to Serve (Rec. Doc. 29)** filed by defendant Jonathan Brown.  Plaintiff, Shawn Shank, has not filed an opposition.[1]  The motion, set for hearing on June 24, 2009, is before the Court on the briefs without oral argument.

Plaintiff alleges that NOPD officers falsely arrested him and verbally/physically abused him on February 5, 2007, as he socialized in the French Quarter.  Defendant Brown was an NOPD officer at the time of the incident and has been sued in conjunction with the allegations made in the complaint.  The

---

[1] In May 2008, the Court granted a motion to dismiss filed by the City and Warren Riley as unopposed because Plaintiff did not file an opposition. (Rec. Doc. 7).  Plaintiff moved for reconsideration contending that counsel did not get notice of the motion and the Court granted that motion, interestingly as unopposed because the City did not file an opposition. (Rec. Doc. 15).  The instant motion presents the second time that Plaintiff has not responded to a dispositive motion filed in this case.

complaint was filed on January 28, 2008. Plaintiff served Brown on May 16, 2009, after the Court granted at least two motions seeking extensions of the time to serve. In those motions, Plaintiff's counsel explained the difficulties that he was having in effecting service on Brown and his co-defendant Young. (Red. Docs. 16 & 21). The last extension granted by the Court gave Plaintiff 60 days from January 20, 2009, to serve Brown. (Rec. Doc. 22).

Rule 4(m) mandates that the Court extend the time for service for "an appropriate period" if Plaintiff shows good cause for the delay. The Court had previously concluded that Plaintiff had shown good cause for the prior extensions when Plaintiff explained the difficulties that he was having in serving certain defendants including Brown. Counsel for Plaintiff should have moved the Court for another extension when the last extension elapsed. By failing to do so, Plaintiff has risked having his complaint dismissed as to Brown notwithstanding the effort that went into ultimately serving him. And by failing to respond to the instant motion, Plaintiff puts the Court in the difficult position of having to determine without the benefit of a response from Plaintiff whether the delay in service was attributable to "good cause."

Nevertheless, the Court will deny Brown's motion in the

interest of justice because Plaintiff had been diligent in seeking the appropriate extensions from the Court prior to allowing the last one to lapse. Defendant has pointed to no prejudice resulting from the short delay, less than two months, of receiving service after the last extension was granted.

Accordingly;

**IT IS ORDERED** that the **Rule 4(m) Motion to Dismiss for Failure to Serve (Rec. Doc. 29)** filed by defendant Jonathan Brown is **DENIED**.

* * * * * * *

*[signature: Jay C. Zainey]*